UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| ANTHONY HILL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:01-cv-27 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| CAMPBELL'S FRESH, INC., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | |
| | ) | |

This was a civil rights action brought against a defendant denominated in plaintiff's original pleadings as Campbell's Fresh, Inc. The action was initiated by a complaint filed by Anthony Hill, a former employee of Campbell's Fresh, Inc., proceeding *in forma pauperis*. A default was entered against defendant after it failed to respond to the complaint. The matter was referred to a magistrate judge, who conducted an evidentiary hearing on plaintiff's request for the entry of a default judgment. After *de novo* review of the report and recommendation of the magistrate judge, on December 10, 2001, former District Judge David W. McKeague entered judgment in plaintiff's favor in the amount of $139,570.00, plus interest, and ordered plaintiff's reinstatement by defendant.

On October 21, 2005, plaintiff filed a "Motion for Supplemental Relief in Enforcement of Judgment." (docket # 27). This motion, filed by retained counsel, asserts the position that the originally named defendant -- Campbell's Fresh, Inc. -- is one and the same with Money's Foods U.S., Inc. by virtue of subsequent mergers and corporate reorganizations. Plaintiff's new attorneys go so far as to change the caption of the case, without leave of court, to denominate

the defendant as "Money's Foods U.S., Inc. (f/n/a Campbell's Fresh, Inc.)." Plaintiff's motion seeks wide-ranging relief, including a contempt citation against Money's Foods U.S., Inc. for failure to reinstate plaintiff, an award of an additional $57,000.00 in back pay damages accruing after the date of judgment, an award of costs and attorney's fees to plaintiff, and a declaration that Money's Foods U.S., Inc. is the party liable for satisfaction of the judgment. After Judge McKeague was elevated to the Sixth Circuit Court of Appeals, this court has undertaken responsibility to resolve pending motions in civil actions formerly assigned to Judge McKeague.

      Plaintiff invokes only Rule 15(c) of the Federal Rules of Civil Procedure as authority for the relief requested. Rule 15(c) governs relation back of amended pleadings. It does not itself invest the court with authority to allow amendment. It is well settled in the Sixth Circuit that following the entry of a final judgment, a party may not seek leave to amend the complaint without first moving to alter, set aside, or vacate the judgment pursuant to Rule 59(e) or Rule 60(b). *See Benzon v. Morgan Stanley Dist., Inc.*, 420 F.3d 598, 612 (6th Cir. 2005); *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005). Plaintiff's motion and supporting brief is devoid of authority that would allow the court to grant any of the relief requested under either Rule 59(e) or Rule 60(b). The ten-day period for Rule 59(e) motions is long expired. Plaintiff has not invoked any provision of Rule 60(b) of the Federal Rules of Civil Procedure, the only procedural vehicle that would ever theoretically allow amendment of a judgment at this late date. Upon review of the provisions of Rule 60(b), the court determines that the time in which plaintiff could seek relief under subsections 1, 2, and 3 (one year) has long expired. Grounds falling within subsections 4, 5, or 6 of the rule must be brought in a "reasonable time." The facts that plaintiff now asserts were available to him at the time judgment was entered, so the four-year delay in seeking relief cannot be deemed

reasonable. Furthermore, plaintiff does not even attempt to assert grounds falling within subsections 4, 5, or 6.

In essence, plaintiff is seeking a "shortcut" to avoid the necessary inconvenience of bringing suit against his new target, Money's Foods U.S., Inc. That corporation has never been served with process in this case.[1] Rather than serving Money's Foods U.S., Inc. with process, plaintiff has submitted to the court copies of newspaper articles, Internet reports, and other inadmissible hearsay in an effort to prove that Campbell's Fresh, Inc. and Money's Foods U.S., Inc. are one and the same as the result of corporate mergers. Even plaintiff's own recitation of the facts, however, discloses that Money's Foods U.S., Inc. did not even exist at the time plaintiff was employed or at the time this action was filed. Plaintiff himself asserts that the corporation was created on August 13, 2001, by means of merger. This was months after the case was filed. This sort of slipshod practice will not do in the federal courts.

Plaintiff may be correct that Money's Foods U.S., Inc. has succeeded to the liabilities of Campbell's Fresh, Inc. under principles of corporate law. This assertion, however, must be pleaded and proven. If plaintiff is serious in his contention that Money's Foods U.S., Inc. is bound by the judgment in this case, he must acquire jurisdiction over that corporation as contemplated by the Constitution and federal rules -- by initiation of a lawsuit and service of process. In that context, plaintiff can raise all of the allegations that he attempts to assert in his motion, including that the two corporations are legally identical, that the statute of limitations has been satisfied, and that Money's

---

[1] According to the records of the Michigan Department of Labor and Economic Growth, Money's Foods U.S., Inc. is a Delaware corporation that registered to do business in this state in August of 2001. The same source indicates that the corporation's authorization to do business in the State of Michigan was withdrawn in July 2003.

Foods U.S., Inc. is bound by the previous judgment. In that context, the corporate defendant will have an opportunity to raise whatever defenses it may have.

Plaintiff's request for a further award of back pay damages accruing after the date of judgment stands on a different footing. This request is properly analyzed as a motion to file a supplemental complaint under Rule 15(d), in that the damages now sought involve "occurrences or events which have happened since the date of the pleading sought to be supplemented." FED. R. CIV. P. 15 (d). As the judgment in this case is now final, and has been for years, the filing of a supplemental complaint would have the effect of reopening the case. In such circumstances, courts should deny the request, in favor of requiring a new lawsuit. *See, e.g., Carlton v. Baird*, 72 F. App'x 367, 369 (6th Cir. 2003); *Planned Parenthood of S. Ariz. v. Neeley*, 130 F.3d 400, 402 (9th Cir. 1997); 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 1509 at 206 (2d ed. 1990). This is especially applicable in a case like this, in which the request for additional damages may be the subject of defenses, such as failure to mitigate, that may have arisen only after judgment.

Plaintiff's motion for supplemental relief in enforcement of judgment is legally flawed and will therefore be denied.

Date:   December 9, 2005          /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE